JAMES W. McCONKIE #2156
PARKER & McCONKIE
7090 Union Park Avenue, #160
Salt Lake City, Utah 84047
Telephone No. (801) 916-1830

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| SHAWN SIMS,<br><br>            Plaintiff,<br><br>vs.<br><br>ZACHARY YOUNG, ERWIN MANRIQUEZ, JORDAN NIELSEN, AND PEDRO OLIVAS, Ogden City Police Officers; OGDEN CITY, by and through OGDEN CITY POLICE DEPARTMENT (OPD),<br><br>            Defendants. | **<u>DECLARATION</u> OF JAMES W. McCONKIE, II IN SUPPORT OF MOTION FOR THE AWARD OF ATTORNEY FEES AND COSTS**<br><br>Civil No. 1:23-CV-00053-DK-JCB<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Jared C. Bennett |

I, JAMES W. McCONKIE, pursuant to 28 U.S.C. §1746, declare under penalty of perjury, that the following statements are true and correct:

      1.      I am a citizen of the United States and a resident of the State of Utah, over the age of 21.

      2.      I make this Declaration based upon my personal knowledge of the matters set forth herein. If called upon to testify, I could and would competently testify under oath as to each such fact.

3.      I am a member in good standing of the federal and state bars of the State of Utah, having been admitted in 1973.  I have also been admitted to practice before the United States Court of Appeals for the Tenth Circuit and the United States Supreme Court.

4.      I practiced with my partner, Brad Parker, for over 40 years until he passed away in the Spring of this year. During these decades, we handled a variety of cases including personal injury, medical malpractice and civil rights cases. However, a significant portion of our practice has been as plaintiff's counsel in civil rights actions, particularly under §1983. I have personally handled dozens of such cases over the period of my career. Many of those cases have been against police officers and governmental entities.

5.      We have handled several prominent cases over the years, including the Lauren McClusky case filed against the University of Utah. That case was settled in 2020. for $13,500,000. That was a high value case. But we have also handled a great many low and modest value cases. The so-called "low value" cases usually involve a significant civil rights violation, for example, excessive force or an illegal search, but where the damage is low. In such cases, the "damage" is to the U.S. Constitution. This is where the award of attorney fees by courts is extremely important. If ample fees are not awarded, then competent attorneys, like Robert Sykes, will not take such cases because low damages often means the cases will not be profitable.

6.      Based on my personal experience in litigating §1983 civil rights matters in both state and federal courts in Utah, I am very familiar with the difficult and complex nature of these cases. Also based upon my personal experience, I am well aware of attorney fees and costs that are reasonably expended in the litigation of these matters.

7.     I am a firm believer that attorney fees must properly be awarded under §1988. That is crucial to the rights of individuals who may have been injured by state actors but who cannot afford to pay hourly legal fees where damages are potentially of low value. Absent §1988 awards, it would be virtually impossible for some individuals to find an attorney and/or to get a fair hearing on the merits of their claims.

8.     I met Robert Sykes in law school about 50 years ago (around 1973).  Since then, our paths have crossed many times, particularly over the last 35 years.

9.      Mr. Sykes is known in the local legal community as an outstanding practitioner in the area of personal injury and civil rights litigation.  I have personally sought his advice and counsel in litigating many civil rights cases over my career. During that same time, Mr. Sykes has also consulted with me and asked my advice regarding the litigation of civil rights cases. Among other things, Mr. Sykes has been an AV-rated Martindale Hubbell lawyer for around 30 years. In 2011, the Utah State Bar selected him as its annual "Lawyer of the Year." In one prominent case, Mr. Sykes and his firm sued the State of Utah in 1996 in a class action on behalf of Medicaid recipients who were illegally shorted reimbursements from the State of Utah. The case went to the Utah Supreme Court four times and ultimately resulted in a recovery of $5,000,000 for the indigents. *See, Houghton v. Dept. of Health,* 206 P.3d 287 (2008).

10.     In another case handled by Mr. Sykes, an African American woman was pulled over on I-15 near Cedar City. *See, Felders v. Bairett,* 885 F.3d 646 (10th Cir. 2018). This was a "low value" case, as Ms. Felders was held on the side of the road for about two hours while law enforcement performed an illegal search of her car. The case was tried in 2015 in federal court

before Judge Waddoups. It resulted in a $15,002 verdict for plaintiffs. The Judge awarded $535,000 in attorney fees.

11.     In evaluating "usual and customary" fees, it is important to remember a few things. Mr. Sykes and his firm compete in a relatively small group of attorneys who handle civil rights cases. Mr. Sykes has practiced in this group successfully for nearly <u>50</u> years (1974-2023). Except for myself, I know of no other practicing civil rights lawyer who has practiced that long. For example, Justin Toth, who filed a Declaration supporting Defendants' position in this case, claims to have been in private practice "in Utah and Texas since 1993." Defendants' Response, Exhibit 5, ¶4. Mr. Sykes's experience exceeds that by 20 years. Ms. Heather White, defense counsel in this case, also submitted a Declaration opposing the fee amount requested. She recounts being a "a civil litigator in private practice in Utah since 1998." Defendants' Response, Exhibit 6, ¶5. Mr. Sykes had been practicing 24 years when Ms. White began practice. Additionally, Ms. White does defense work and is presumably paid regardless of the outcome, billing $275 an hour. Defense attorneys usually have an endless supply of cases and can well afford to lower their fees in what amounts to a "volume" discount.

12.     I have read the Affidavit of Robert B. Sykes in support of a fee application in the Sims case.  I have also read and reviewed the attachments to the fee application filed by Mr. Sykes, including a recitation of attorney fees incurred by Mr. Sykes and his staff at the prevailing hourly rates as of August 2023. This includes a billing rate of $700 an hour for Mr. Sykes, $400 an hour for associates, Mr. Sorensen and Ms. Isom, and $150 an hour for staff paralegals. These attorneys have maintained these hourly rates since January 2022. Based on those billing rates, the total amount requested was $24, 945, and $22,445 after the discount Mr. Sykes gave.

13.     Based upon my personal experience in litigating federal civil rights cases in the District of Utah, and in making and reviewing requests for the award of attorney fees and costs pursuant to 42 U.S.C. §1988 in this Court, I believe that the rates charged by Plaintiffs' attorneys in this case are fair and reasonable. They are also usual and customary for attorneys with the education, skill and extensive experience of Mr. Sykes, Mr. Sorensen and Ms. Isom. I am also aware of prevailing rates in areas other than Salt Lake City and find the rates charged by Mr. Sykes and his staff, for his time and practice and skill level, to be reasonable, competitive, and even less expensive than attorneys in other areas of the country with similar education, skill and experience.

14.     I have personally reviewed the billing summaries for the SMLO attorneys listed above. I find them reasonable in the number of hours billed and in the amounts billed. While the litigation of this case ended with Defendants' Rule 68 Offer of Judgment, the initial review, client interviews, factual investigation, including efforts to verify the facts where information was not readily available, and preparation of a fact-intensive complaint are all crucial to settlement of a case like this. In my experience, a thorough investigation to identify as many critical facts as possible is absolutely necessary for the success of this type of a case. The success of any complaint against a Rule 12(b)(6) or 12(c) motion depends directly on the extent of the factual basis pled in the complaint. I am familiar enough with Mr. Sykes' method of practice to know that he would have legitimately spent significant time preparing and assessing the facts prior to filing a complaint. He would have spent his time wisely and properly to assure that he could allege proper facts in good faith. This is the only way one can overcome Motions to Dismiss which, in my experience, have now become very common in civil rights cases as defendant counsel's first step in litigation.

15.     I am also familiar, based on my experience, with the customary rates of billing for paralegals. I have reviewed the schedule referenced by Mr. Sykes' Affidavit, billing at a rate of $150.00 for these services. This hourly rate is a reasonable and customary prevailing rate. Additionally, the use of such paralegals is reasonable and customary to reduce the costs of litigation. Paralegals can organize and prepare the required work to then be reviewed and approved by an attorney. This creates significant savings in the overall litigation costs.

16.     <u>Summary</u>.     Based upon the materials I have reviewed regarding the attorney fees and costs submitted by Mr. Sykes and his staff in this case, I find them to be reasonable, customary and necessarily incurred, particularly in light of all of the circumstances discussed above and in light of the troubling facts and issues at hand in this matter.

Dated this 20th day of September, 2023.

James W. McConkie
Declarant

6